(95 Misc. Rep. 525)

### HOTALING v. CANTON ART METAL CO.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

1. ACCORD AND SATISFACTION &10(1)—COMPROMISE AND SETTLEMENT &6(2) —SUFFICIENCY OF EVIDENCE.

The court will not inquire into the merits of a dispute leading up to an alleged accord and satisfaction, but it is sufficient that there was any plausible ground for bona fide dispute, and that such claim was made in good faith, regardless of whether the dispute was as to matters of fact or of law.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–72; Dec. Dig. &10(1); Compromise and Settlement, Cent. Dig. §§ 36–38; Dec. Dig. &6(2).]

2. ACCORD AND SATISFACTION &27—COMPROMISE AND SETTLEMENT &24— SUFFICIENCY OF EVIDENCE.

Evidence to establish accord and satisfaction of claim for commissions by crediting the account of plaintiff's assignor with the amount of a

compromise settlement upon his promise to pay the balance of his account *held* sufficient to require submission to the jury.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 31, 59, 83, 97, 110, 135, 150; Dec. Dig. ☞27; Compromise and Settlement, Cent. Dig. § 95; Dec. Dig. ☞24.]

**3. ACCORD AND SATISFACTION** ☞19—**NEW PROMISES—CONSIDERATION.**

The rule that a promise to perform another act is not a satisfaction is subject to the qualification that, where a new promise based upon a good consideration is by agreement accepted in satisfaction, it operates as a bar to an action on the original obligation.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 136–139; Dec. Dig. ☞19.]

Appeal from City Court of New York, Trial Term.

Action by Herbert D. Hotaling against the Canton Art Metal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Herman Lubetkin, of New York City (I. Maurice Wormser and Samuel Brand, both of New York City, of counsel), for appellant.

William H. Chorosh, of New York City (Michael Schaap and Edward Hymes, of New York City, of counsel), for respondent.

GUY, J. In 1910 and 1911 plaintiff's assignor, Arthur S. Miller, was the sole selling agent in the city of New York for the defendant under a written agreement which entitled him to certain commissions upon the acceptance of all contracts taken in defendant's name by Miller. On December 23, 1910, the agent wrote defendant, inclosing plans and specifications for metal furniture to be placed in the Hall of Records, bids for which were to be made December 30th. On the date last named the defendant, in a letter replying to the agent's communication of December 23d, stated that the day before the receipt of that letter by defendant it had forwarded to one Andrews, from whom the defendant had obtained the data for the bid, a figure for the work, although defendant had held up the matter in the expectation of receiving drawings from Miller.

Defendant subsequently was awarded the contract on its bid, and plaintiff's assignor claimed to be entitled to commissions amounting to $2,962.70 on the work; and it is alleged in the complaint that no part of this sum has been paid, except $1,000 allowed by the defendant to its agent on October 7, 1912. From the correspondence which followed between the defendant and its agent it appears that the defendant, while claiming that it would have been impossible to prepare and submit a bid on the work in question in the short time between the receipt of the plans and specifications from Miller on December 30th, promised to pay him a small commission on the job, disputing, however, any liability to pay commission under the contract of agency.

In 1912 plaintiff's assignor was secretary and treasurer of the Bankers' Building Bureau, a corporation in which he was a large stockholder, and on behalf of that corporation he desired to place orders with the defendant. In September of that year defendant's witness

Cook, an employé of the Bankers' Building Bureau, was sent by Miller to Canton, Ohio, defendant's place of business, in reference to the contracts of his employer. Cook testified that he discussed with the defendant's officers Miller's claims for commissions on the Hall of Records job; that they did not want to allow any commissions, but finally agreed, and he so reported to Miller, to allow $1,000 commissions in full settlement of Miller's claims, that sum to be applied on the account of the Bankers' Building Bureau with the defendant, with the understanding that the balance of the account was to be paid in full at once; that Miller said to the witness, on his return to New York, that the arrangement was very satisfactory, and complimented him on getting the $1,000. The same witness further testified that he saw the letter to Miller, Defendant's Exhibit H (which according to the record bears no date, but is referred to as dated September 3d and December 3d), in Miller's possession, and that he read it with Miller. This letter is in part as follows:

"When Mr. Cook was here Saturday (as he has no doubt explained to you) we came to an agreement with reference to bank commission on the Hall of Records job, and he placed the following orders with us, with the understanding that this commission is to be deducted in making payment for same [specifying certain orders amounting to $6,495].  *  *  *  We agreed to allow you $1,000 commission on the Hall of Records job, and we made some slight concessions also on some of the work placed by Mr. Cook. It is our understanding with Mr. Cook that this $1,000 will be deducted in making payment for these jobs, and that the accounts of A. S. Miller and the Bankers' Building Bureau will be paid immediately in full.  *  *  *  We are very glad that this matter has been adjusted amicably; and while we have explained to you several times, also to Mr. Cook, that we hardly thought you were entitled to commission on this job, considering the circumstances surrounding this particular case, still we are willing to make this concession in order to get this cleaned up."

Miller denied that he ever saw this letter; but on December 12th, he wrote defendant:

"Answering your favor of September 9, 1912. Your arrangement with our Mr. Cook is fully satisfactory to me. Will send you greater part of your account early next week."

At the close of the case defendant's counsel asked to go to the jury on the question whether there was an accord and satisfaction between the parties, but the trial judge directed a verdict for the plaintiff.

[1] The evidence justified the conclusion that there was an honest, real dispute between defendant and its agent with respect to the obligation of the defendant to pay commissions on the Hall of Records job. The court will not inquire into the merits of the dispute; it is sufficient if there was any plausible ground for a bona fide claim, and it was made in good faith, and it is immaterial whether the dispute arose over a question of fact or of law. Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101.

[2, 3] Defendant's evidence would have authorized a finding that by the allowance of $1,000 on defendant's account against Miller and the Bankers' Building Bureau a satisfactory adjustment between the defendant and Miller was reached. That the Bankers' Building Bureau did not fulfill the condition upon which the allowance was made, by

making prompt payment of all of the balance due to the defendant, is not material for its default is not to be charged against the defendant, and as far as the record shows the defendant did not retract its promise to allow the $1,000. Moreover, as between the two parties, the defendant and the plaintiff's assignor, after the dispute was adjusted by the allowance, nothing else remained to be done. The accord was as to them an executed agreement; and the allowance of the $1,000 is expressly alleged in the complaint in reduction of the plaintiff's claim, indicating that as far as the plaintiff's assignor is concerned the accord, if it was in fact made as claimed by the defendant, was regarded by Miller as having been executed. As Andrews, J., says in Kromer v. Heim, 75 N. Y. at pages 576, 577, 31 Am. Rep. 491:

"The rule that a promise to do another thing is not a satisfaction is subject to the qualification that where the parties agree that the new promise shall itself be a satisfaction of the prior debt or duty, and the new agreement is based upon a good consideration, and is accepted in satisfaction, then it operates as such, and bars the action."

If defendant's testimony that a bid could not have been put in by the defendant on the Hall of Records job in the short period which elapsed between the time when it received the plans from Miller and the opening of the bids be true, Miller's claim for commission on that job was, to say the least, of doubtful validity, and there was ample consideration for the compromise.

It follows that the direction of a verdict for plaintiff was error, and the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.